# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. D. BITER,<br><br>　　　　Respondent. | Case No. 1:15-cv-00828-SMS<br><br>ORDER DISMISSING THE PETITION FOR FAILURE TO EXHAUST STATE REMEDIES WITH LEAVE TO AMEND |

　　　Petitioner Quincy Sims is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court has screened the petition and now dismisses it for failure to exhaust state remedies. Leave to amend will be granted.

　　　Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

**THE EXHAUSTION REQUIREMENT**

　　　A petitioner who is in state custody and wishes to challenge collaterally his conviction by a federal petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity with the state court and gives the state court the initial opportunity to correct the state's constitutional deprivations. *Coleman v. Thompson*, 501

U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's legal and factual basis. *Duncan*, 513 U.S. at 365 (legal basis); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8-9 (1992) (factual basis).

Here, Petitioner has filed a form petition pursuant to §2254. It is clear that he challenges the lawfulness of his sentence. However, his petition is grossly incomplete. Petitioner has drawn a line through several pages of the petition and left the items on the pages blank. Items 8-11 on pages 3-6, indicating exhaustion of state remedies is have not been filled out. Thus, Petitioner has not alleged that he has exhausted his state judicial remedies as required by statute. As currently filed, it plainly appears from the petition that Petitioner is not entitled to relief. Petitioner will be given an opportunity to file an amended petition in order to file a completed petition which alleges exhaustion of state remedies.

**ORDER**

Accordingly, it is hereby ORDERED that the above-captioned petition is DISMISSED for failure to exhaust state remedies WITH LEAVE TO AMEND. Petitioner may file an amended petition within thirty (30) days of entry of this order. Failure to file a timely amended petition will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **October 8, 2015**                           **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE